## Commonwealth v. Gilroy

*R. E. McCreary*, for Commonwealth.

*Swaney & Lucas*, for defendant.

READER, P. J., December 27, 1940.—The information against defendant in the above-stated case charges him

with having operated a motor vehicle, on May 19, 1940, without having an inspection sticker displayed on the vehicle. A hearing before the justice was waived, and the case was heard before us on December 19, 1940.

At the hearing there was no dispute as to the facts. Mr. Gilroy had his car inspected and had in his possession a certificate showing the inspection. No question was raised as to the correctness of the certificate. Defendant carried the certificate in a pocket in the inside of his car. When stopped by an officer he displayed this sticker by taking it from the pocket and exhibiting it. The sole question is whether he was required, under the law, to display the certificate by having it placed upon the windshield of the car, or upon such other place upon the car as to render it visible to one looking at the car.

The requirement of The Vehicle Code of May 1, 1929, P. L. 905, sec. 823, with reference to such certificates is found in paragraph (h) of section 19 of the amending Act of June 27, 1939, P. L. 1135, 75 PS §431, as follows:

"It shall be unlawful to operate any motor vehicle, trailer, or semi-trailer on a highway (1) during an inspection period, unless the motor vehicle, trailer, or semi-trailer has been inspected during the present or last preceding inspection period, and (2) after the close of any inspection period, unless it has been inspected during the last preceding inspection period, and (3) a certificate for the proper period furnished and displayed."

After having considered the question involved and the provision of the statute, we are of the opinion that the requirement, in order to be made practically effective, must be interpreted to mean a display of the certificate in such manner as to be immediately visible to anyone, particularly an officer, examining the car. To require such an officer to examine the pockets of the inside of the car seems to us to be little more reasonable than to require him to examine the pockets of the operator's clothes. We think that a convenient, practical, and effective administration of this provision of the law requires such an ex-

ternal display of the certificate. We think this interpretation is supported by a consideration of this provision of the Act of 1939 in connection with the similar provision as it existed in The Vehicle Code prior to the reënactment of 1939, being the Act of June 29, 1937, P. L. 2329. The earlier provision read as follows:

"It shall be unlawful to operate any motor vehicle, trailer, or semi-trailer on a highway unless the motor vehicle, trailer, or semi-trailer has been inspected during the present or previous inspection period, and a certificate furnished and displayed, or other satisfactory proof of inspection furnished."

The earlier provision contained the words after the word "displayed" "or other satisfactory proof of inspection furnished." Under this provision the requirements of the statute could no doubt have been met in the manner contended for by defendant. In the reënactment of 1939 the words just quoted were omitted. This was done, evidently, for the purpose of requiring such a public display of the certificate as we have above stated.

We are of the opinion, therefore, that defendant failed to comply with the provisions of The Vehicle Code as reenacted in 1939, and as above quoted.